The STATE of Ohio, Appellee,

v.

GREGORY, Appellant.

[Cite as *State v. Gregory* (1995), 108 Ohio App.3d 264.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950439.

Decided Dec. 29, 1995.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *L. Susan Laker*, Assistant Prosecuting Attorney, for appellee.

*Timothy A. Smith*, for appellant.

PAINTER, Judge.

This controversy arises from two separate, but related, cases in the trial court.

In 1989, in the case No. B–864818, defendant-appellant Shanon Gregory entered a plea of guilty and was sentenced to one year of incarceration (suspended), three years of probation, and fifty-six days in the Hamilton County Justice Center. Gregory served fifty-six days and received credit for this time. Later in 1989, Gregory was indicted on another charge in case No. B–892018. Gregory then fled from the jurisdiction, which violated his probation and also frustrated the progress of the second case. Warrants were issued for his arrest on both cases.

More than five years later, Gregory was apprehended in South Carolina and returned to Cincinnati. He was held without bond from October 18, 1994, until May 10, 1995, on both charges. On May 10, 1995, Gregory was acquitted in case No. B–892018, leaving only the probation violation pending before the court.

The trial court found Gregory guilty of the probation violation and imposed the original one-year sentence. The trial court gave Gregory credit for the fifty-six days served initially in 1989 and the forty-six additional days for time served after May 10, 1995, but refused to grant Gregory credit for the time period between October 18, 1994, and May 10, 1995, some two hundred five days.[1]

In his sole assignment of error, Gregory now challenges the trial court's denial of credit for this time period.

We must determine whether Gregory was properly credited with the number of days he was confined. In order to unravel this question, we must first determine who has the duty to calculate the proper number of days, and then determine whether a proper calculation was made.

The state argues that a trial court has no duty to grant credit for pretrial confinement time, but that rather the Adult Parole Authority ("APA") has the duty to determine the number of days to credit. Therefore, it mentions that Gregory cannot successfully appeal the number of days that a trial court has calculated for confinement time credit. The state argues that Gregory must instead file a mandamus action against the APA, which has the sole authority to grant credit under R.C. 2967.191.

In *State ex rel. Harrell v. Court of Common Pleas* (1979), 58 Ohio St.2d 193, 12 O.O.3d 189, 389 N.E.2d 506, the Ohio Supreme Court held that a mandamus action to compel a trial court to grant credit for confinement time is "misdirected" because that duty rests solely with the APA.

The state points out that this court has held that the APA has the sole authority to "grant credit" against an imposed sentence. *State v. Wilcox* (Nov.

---

1. Gregory erroneously calculated the number of days as two hundred fifteen.

23, 1988), Hamilton App. No. C–870858, unreported. The state also cites a case where this court has held that the trial court does not have jurisdiction to entertain a motion for credit "after the accused has been committed to a penal institution." *State v. Jones* (Mar. 17, 1982), Hamilton App. No. C–810293, unreported, 1982 WL 4700. The state argues that pursuant to these decisions, the trial court has no authority to "grant credit" to a defendant. However, the APA's grant of credit must be pursuant to *someone's* calculation of the appropriate number of days. The APA cannot possibly divine the correct number of days without the trial court's input.[2]

The confusion results from the fact that the APA has the duty to "grant credit," but the trial court has the duty to properly "calculate" the number of days for which the APA grants the credit. Thus, the trial court must calculate the correct number of days and include that number in its sentencing entry. A defendant may appeal the trial court's failure to do so. See Crim.R. 32.2(D); *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. If, on the other hand, the trial court has done its duty of calculation and the proper calculation is reflected in its sentencing entry, and for some reason the APA refuses to grant that credit, a mandamus action against the APA would be the proper remedy. See *State ex rel. Harrell, supra.*

Crim.R. 32.2(D) states that *the trial court* "shall forward a statement of the number of days confinement which the defendant is entitled by law to have credited to his minimum and maximum sentence." (Emphasis added.) This rule requires the trial court to determine the proper number of days to credit defendant for pretrial confinement time and to report the determination to the APA.

In *State ex rel. Corder, supra*, the Tenth District Court of Appeals held that:

"The law has been and still is clear that, although the Adult Parole Authority is the body who credits the time served, *it is the sentencing court who makes the determination as to the amount of time served* by the prisoner before being sentenced to imprisonment in a facility under the supervision of the Adult Parole Authority." (Emphasis added.) *Id.*, 68 Ohio App.3d at 572, 589 N.E.2d at 117. See, also, *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 640 N.E.2d 879.

Furthermore, R.C. 2949.12 states that:

---

**2.** R.C. 2949.12 has been cited for the proposition that the sheriff has the duty to calculate the number of days for credit. However, this is not a correct interpretation of the law because R.C. 2949.12 requires the sheriff to present the APA with a copy of the defendant's sentence, the province of the trial court.

"The sheriff shall deliver the convicted felon into the custody of the managing officer of the reception facility, and at that time, shall present the managing officer with a *copy of the convicted felon's sentence* that clearly * * * specifies the total number of days, if any, that the felon was confined, *for any reason,* prior to conviction and sentence." (Emphasis added.)

Clearly, the General Assembly intended that the court's sentence include the number of days credited pursuant to Crim.R. 32.2(D), and that this sentence be used by the APA to grant that number of credited days.

Finally, R.C. 2967.191 says that the APA shall credit the number of days "that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced." R.C. 2967.191 does *not* say that the APA is free to independently calculate the number of days to be credited.

While we agree with the state that a trial court has no duty *to grant credit* for pretrial confinement time, we do not make the inferential leap to the conclusion that a defendant cannot appeal a trial court's *calculation* of the confinement time to credit.

Gregory was held on a drug trafficking charge and a probation violation charge simultaneously from October 18, 1994, until he was acquitted of the trafficking charge on May 10, 1995. The trial court refused to credit this time, allocating it to the trafficking charge.

Gregory argues that the trial court must credit this time of incarceration because he was held on the probation violation. The state argues that the trial court need not credit time because Gregory was also being held on a charge for which he was acquitted. The state argues that the court was free to allocate the jail time to the case on which he was acquitted, thus making that time into "dead time"—a punishment without a crime. Thus, the crux of this appeal is whether the trial court has the discretion to allocate the time of incarceration to the charge for which he was acquitted, causing Gregory to lose it, rather than to credit that time to the remaining charge for which he must finish his sentence.

■ Under R.C. Chapter 2929, trial courts enjoy a great deal of discretion in sentencing. See, *e.g.,* R.C. 2929.41. However, the calculation of credit for jail time is separate and subsequent to sentencing. The decision whether to credit pretrial confinement days is simply not part of the sentence. Credit for jail time is not open to tailoring to the individual case in the same sense as sentencing, because once the *sentence has already been rendered,* the remaining calculation is merely a computation of how much time has been served and how much remains. The *mandatory* language of R.C. 2967.191 requires that the trial court calculate credit for *any* time of incarceration that arises "out of the offense for which [Gregory] was convicted and sentenced."

Here, while Gregory was held pursuant to both charges, one of those charges arose "out of the offense for which [Gregory] was convicted and sentenced." R.C. 2967.191 does not give the trial court discretion to select the trafficking charge instead of the probation violation charge for the allocation of credit for the jail time, thereby preventing Gregory from receiving credit for the time in jail. This is not a matter of double counting. Gregory is merely entitled to one-for-one credit for each day he spent in jail under the probation-violation charge. Had he been convicted of the trafficking charge, he would then be entitled only to credit for the same one-for-one number of days actually incarcerated against one charge if the sentences were to run consecutively, and against both charges if the sentences were to run concurrently. See *State v. Callender* (Feb. 4, 1992), Franklin App. No. 91AP–713, unreported, 1992 WL 21247.

The dissent takes the language from *Callender* and states that because a trial court is not required to recognize duplicate or multiple pretrial credit, the court has discretion to choose among the charges for allocating the credit. However, this is in the context of two charges and two convictions, a very important factual distinction from the case at bar.

Because R.C. 2967.191 *requires* that the trial court calculate credit for *any* time of incarceration that arises out of the offense for which a defendant was convicted and sentenced, we hold that under these unique facts where Gregory was incarcerated under two unrelated charges, one resulting in acquittal and the other in conviction, Gregory was entitled to have this time credited to his conviction sentence in the trial court's calculation. This in no way affects the discretion that trial courts otherwise possess in sentencing convicted defendants.

The trial court's failure to correctly calculate Gregory's time was error; therefore, we sustain the assignment of error. Accordingly, we reverse the sentence and remand the cause to the trial court for the modification of the order to reflect an additional credit of two hundred five days for the period of October 18, 1994, to May 10, 1995.

*Judgment accordingly.*

MARIANNA BROWN BETTMAN, P.J., concurs.

SUNDERMANN, J., dissents.

SUNDERMANN, Judge, dissenting.

The facts are undisputed. Appellant was held from October 17, 1994, until May 10, 1995, on both the probation violation and a new felony, trafficking. When he was sentenced on the probation violation, the court attributed the above time to the trafficking charge, for which he had been awaiting trial, and not to the probation violation.

I agree with the majority that the trial court has the duty to calculate credit for jail time, and that an incorrect calculation may be appealed.

The question in this case is, if one is being held on two charges at the same time, must the court later credit the pretrial time to both charges, or may it, in its discretion, credit the time to one charge?

The majority says that the court does not have discretion to select the trafficking charge instead of the probation violation for allocation of credit. It cites no authority for this proposition. In fact, courts have always had this discretion.

In *State v. Callender* (Feb. 4, 1992), Franklin App. No. 91AP–713, unreported, 1992 WL 21247, in affirming the trial court in a similar case, the court said that "a trial court is not required to recognize duplicate or multiple pretrial detention credit * * *. The trial court *did not abuse its discretion* in calculating one hundred three days of jail-time credit in this case." (Emphasis added.)

In *State v. Smith* (1992), 71 Ohio App.3d 302, 593 N.E.2d 402, the court stated that the statute "does not entitle a defendant to jail-time credit from facts which are separate and apart from those on which his current sentence is based." After repeating the above, *State v. Logan* (1991), 71 Ohio App.3d 292, 593 N.E.2d 395, goes on to say that "[s]ince the defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail-time credit." *Id.* at 300, 593 N.E.2d at 401.

The majority admits that if one is sentenced to consecutive terms, he would only be entitled to credit for one. In this case the charges are a probation violation on an old charge and the new felony of trafficking. Sentences on both charges would have to run consecutively under R.C. 2929.41(A)(3).

The majority wants to make the distinction between a probation violation and a later felony conviction, and a probation violation and acquittal on the later felony. There is no such distinction in the law. Whether to give "double credit" is in the discretion of the trial judge. He is the best one to make this decision knowing all the surrounding facts of the case. We should not attempt to substitute our judgment for his. "[A] trial court is not required to recognize duplicate or multiple pretrial detention credit. * * * To do so would, in effect, discriminate in favor of the defendant charged * * * with only one offense." *Callender, supra.*

Here, appellant was being held on two separate charges, and credit could be granted on either charge or on both charges at the discretion of the trial judge, regardless of the final outcome on the merits of either charge. To do otherwise attempts to restrict long-standing judicial discretion.