DECISION.
In case B-9805336, following a guilty plea, defendant-appellant Clifford Jones was found guilty of two counts of kidnapping and two counts of aggravated robbery. Each count carried a gun specification. On November 23, 1998, Jones was sentenced to serve eight years of incarceration on each kidnapping charge, ten years of incarceration on each aggravated robbery charge, and three years of incarceration on each of the four gun specifications. The consecutive terms of incarceration imposed for the kidnapping and aggravated robbery charges were also made consecutive to the concurrent terms of incarceration imposed for the gun specifications.
In addition, Jones was found guilty of a probation violation in case B-9609089, wherein he had originally been found guilty of two counts of theft in February 1997, and had been sentenced to serve six months of incarceration in the Hamilton County Justice Center and placed on community control for a period of two years. For the probation violation, the trial court sentenced Jones to serve consecutively one and a half years of incarceration on each count, the maximum sentence for theft, a fourth-degree felony,[1] and ordered that those terms also be made consecutive to the ones imposed in case B-9805336.
Jones has separately appealed the trial court's judgment in cases B-9609089 (appeal no. C-981007) and B-9805336 (appeal no. C-981008). For purposes of judicial economy, we hereby consolidate Jones's appeals and dispose of both in this decision.
In the first of his two assignments of error, Jones asserts that the trial court's imposition of maximum consecutive sentences in case B-9805336 amounted to cruel and unusual punishment. We disagree.
As a general rule, a sentence that falls within the terms of a valid statute cannot amount to cruel and unusual punishment.[2]
Here, Jones does not contest the validity of the criminal statutes that set forth the potential penalties for kidnapping and aggravated robbery. Nor does he contest the validity of Ohio's criminal sentencing statute. Instead, he takes issue with the findings made by the trial court in support of its imposition of maximum consecutive sentences on his kidnapping and aggravated robbery convictions. Our review of the record, however, confirms that the trial court made the necessary findings under R.C. 2929.14(C) and 2929.14(E)(4) to sentence Jones to maximum consecutive sentences and that the findings were supported by the record. Accordingly, we overrule the first assignment of error.
In his second assignment of error, Jones asserts that the trial court erred in imposing, in case B-9609089, maximum consecutive sentences for the probation violation. We agree.
A trial court may impose a prison term on an offender who violates the conditions of community control. Such a term of imprisonment, however, must be imposed pursuant to R.C. 2929.14.[3]
Here, the trial court acted contrary to R.C. 2929.14(B), (C), and (E)(4) by failing to make any verbal or written findings to support its imposition of maximum consecutive sentences upon Jones, who had not previously served a prison term.[4] Additionally, the trial court erred in failing to order that Jones be credited for the six months of confinement that he had already served at the Hamilton County Justice Center on the underlying theft convictions.[5]
Accordingly, we sustain the second assignment of error, vacate the trial court's sentence in case B-9609089, and remand the matter for resentencing in compliance with R.C. Chapter 2929 and this decision. We affirm the decision of the trial court in case B-980533.
Judgment affirmed in C-981008; judgment affirmed in part, sentence vacated and cause remanded in C-981007.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 2913.02(B).
[2] See McDougle v. Maxwell (1964), 1 Ohio St.2d 68,203 N.E.2d 334.
[3] See R.C. 2929.15(B).
[4] See, also, R.C. 2929.19(B)(2)(c) and (B)(2)(d).
[5] See R.C. 2967.191; State v. Gregory (1995), 108 Ohio App.3d 264, 670 N.E.2d 547; State v. Hines (Feb. 8, 1999), Auglaize App. No. 2-98-11, unreported.