JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
While defendant-appellant Donald Booker was on probation for a prior domestic violence conviction, he was indicted for burglary. He pleaded guilty to a reduced charge of burglary and was sentenced to one year's incarceration on that charge with no credit for time served, and his probation-violation charge was apparently dismissed. Booker appeals his sentence, presenting two assignments of error for our review.
In his first assignment of error, Booker claims that R.C.2967.11 and 2967.28 are unconstitutional. The state contends that Booker lacks standing to raise this challenge. The Supreme Court of Ohio has recently addressed the constitutionality of both statutes. In Woods v. Telb,[1] the court determined that the "post-release control" provision under R.C. 2967.28 is constitutional. To that effect, we find that Booker's assignment of error as it relates to R.C. 2967.28 is not well taken because the court has upheld the constitutionality of the statute. However, in State ex rel. Bray v. Russell,[2] the court declared that the "bad time" provision under R.C. 2967.11 is unconstitutional. Furthermore, this court recently held that a defendant who has been sentenced under Am.Sub.S.B. No. 2 has standing to challenge R.C. 2967.11, and that the issue of the statute's constitutionality is ripe even where the "bad-time" provisions have not yet been imposed on the defendant.[3]
Thus, based on the authority of State ex rel. Bray v. Russell and in the interest of judicial economy, we hold that Booker cannot be subjected to the imposition of "bad time" under R.C. 2967.11, and we sustain Booker's first assignment of error as it relates to the "bad time" provision.
In his second assignment of error, Booker challenges the trial court's decision not to credit him for pretrial confinement time served before being sentenced on the burglary conviction. The state argues that the trial court need not credit time on the burglary charge because the trial court was free to allocate the credit to the probation-violation charge. The calculation of credit for pretrial jail time by the trial court is a ministerial act.[4] The trial court must calculate the time to be credited at the sentencing hearing, and the time is then "credited" by the Adult Parole Authority.[5] While the trial court retains some discretion to determine, for instance, where to apply the pretrial detention credit when a defendant is sentenced to consecutive terms of imprisonment,[6] it does not have the discretion to credit the time spent in pretrial detention on an acquitted offense where the defendant was being held for two unrelated charges and was convicted on only one of the charges.[7] In the latter situation, the trial court is required to apply the pretrial detention credit toward the time to be served for the convicted charge.[8]
Here, Booker was held in jail for fifty-one days awaiting sentencing for the burglary and probation-violation charge. At the sentencing hearing, Booker was sentenced on the burglary conviction and the probation-violation charge was "terminated." The trial court refused to credit the fifty-one days on the burglary charge, allocating it instead to the probation-violation charge. Because the trial court does not have the discretion to credit time served on the vacated probation-violation charge, we hold that the trial court failed to correctly calculate credit for the time of incarceration that arose out of the offense for which Booker was found guilty and sentenced. Accordingly, we sustain his second assignment of error.
In sum, we vacate Booker's sentence and remand this case for the trial court to correct its entry to specifically state that Booker is not subject to the imposition of "bad time" and to apply a "51-day credit" for the time Booker served in pretrial detention.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] (2000), 89 Ohio St.3d ___, ___ N.E.2d ___.
[2] (2000), 89 Ohio St.3d 132, 729 N.E.2d 359.
[3] See State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported.
[4] See State v. Brewster (Mar. 19, 1999), Hamilton App. No. C-980484, unreported.
[5] See R.C. 2967.191; State v. Gregory (1995), 108 Ohio App.3d 264,670 N.E.2d 547.
[6] See State v. Callender (Feb. 4, 1992), Franklin App. No. 91AP-713, unreported.
[7] See State v. Gregory, supra, at 269, 670 N.E.2d at 549-550.
[8] See id.