[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On August 11, 1999, defendant-appellant Robert Miller was sentenced to eight months in prison for his community-control violation and to a concurrent term of eighteen months in prison for his driving-under-the influence ("DUI") conviction. Miller was credited with fifty-three days for the community-control sentence, but he was not similarly credited for the DUI conviction. Miller has filed a notice of appeal as to the DUI conviction only.
Miller raises one assignment of error on appeal. He argues that the trial court erred in failing to properly calculate a time credit for the DUI sentence. We agree based upon our decision in State v. Gregory.[1]
In Gregory, we held the trial court does not have any discretion in awarding jail-time credit.[2] Rather, if the sentences are to run consecutively, the defendant is entitled to one-for-one credit for each day he spends in jail on only one charge. But, if the sentences are to run concurrently, the defendant is entitled to one-for-one credit for each day he spends in jail on both charges.[3]
In this case, Miller's sentences were to run concurrently, but he was only credited with fifty-three days for the community-control violation. Under Gregory, the trial court was required to credit Miller with fifty-three days for both the community-control violation and the DUI conviction. Crediting Miller with fifty-three days for his DUI conviction would not have amounted to a double credit. Accordingly, we hold that the trial court erred in not crediting Miller for the DUI conviction. We note that even though Miller has already been released from prison, the fifty-three days of credit will nevertheless affect his post-release control. Therefore, we vacate Miller's sentence for the DUI conviction and remand this cause with instructions to the trial court to resentence Miller with fifty-three days' credit given in accordance with this judgment entry and the law. In all other respects, the trial court's judgment is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ..
[1] (1995) 108 Ohio App.3d 264, 670 N.E.2d 547.
[2] See id. at 268, 670 N.E.2d at 549.
[3] See id. at 269, 670 N.E.2d at 550.