DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Ottawa County Court of Common Pleas. The facts giving rise to this appeal are as follows
On February 2, 2000, appellant, Ryan Hickam, was indicted on one count of possessing the controlled substance lysergic acid diethylamide ("LSD"), a violation of R.C. 2925.11(A) and a felony of the fifth degree (Case No. 00-CR-009). He was arrested and taken into custody on February 3, 2000. On February 7, 2000, appellant was released on a personal recognizance bond.
On October 5, 2000, appellant was indicted on one count of burglary, a violation of R.C. 2911.12(A)(2) and a felony of the second degree (Case No. 00-CR-108). Appellant was arrested on October 5, 2000 and held in the Ottawa County Detention Facility on a $20,000 bond.
On December 4, 2000, appellant entered guilty pleas to one count of possessing LSD (Case No. 00-CR-009) and one count of burglary in the second degree (Case No. 00-CR-108). He was found guilty of both on December 18, 2000 and both of his bonds were continued.
Appellant's sentencing hearing for both cases was held on January 31, 2001 where he was sentenced to a community control sanction. Specifically, he was sentenced to serve six months in the Ottawa County Detention Facility and six months in a community based correctional facility. He was advised that any violation of the sanction could lead to a one year prison term for his drug conviction and an eighteen month prison term for his burglary conviction.
On March 28, 2001, Ottawa County probation officer Andrew Haley filed a "complaint of probation violation" against appellant. The complaint alleged that appellant had violated the terms of his community control sanction and therefore had been removed from the community based correctional facility. On May 3, 2001, appellant was found guilty of violating his community control sanction. He was sentenced to one year in prison for the drug offense and eighteen months in prison for the burglary. The sentences were ordered served consecutively. He was given fifty-eight days credit for time already served in Case No. 00-CR-009. He was given two hundred twenty-four days credit for time already served for the burglary conviction.
Appellant now appeals contending that he is entitled to six hundred sixty-six days credit for time served. The prosecutor contends that appellant is entitled to eighty-nine days credit for Case No. 00-CR-009 and two hundred one days for Case No. 00-CR-108.
2967.191 states:
 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
While the Adult Parole Authority has the duty to grant such credit, the trial court has the duty to properly calculate the number of days to be credited. State v. Gregory (1995), 108 Ohio App.3d 264.
Appellant's contention that he is entitled to six hundred sixty-six days credit is not supported by the record and is without merit. However, the trial court's judgment entry is silent as to what was included in the court's calculations. Nor does the record reveal any material which can aid this court in determining the correct calculation. In fact, the "cumulative time report" provided by the Ottawa County Sheriff only confuses the court in that it lists appellant's initial incarceration date for Case No. 00-CR-108 as being September 13 when the record shows that appellant was not indicted for Case No. 00-CR-108 until October 5. For this and other deficiencies in the record, we are unable to conduct a meaningful appellate review of the issue raised in this case. Accordingly, appellant's assignment of error is found well-taken. This matter is affirmed as to appellant's conviction and reversed as to appellant's sentencing. This matter is remanded to the trial court for the limited purpose of supporting appellant's time served credit calculations with pertinent dates and locations in the judgment entry.
Judgment of the Ottawa County Court of Common Pleas is affirmed, in part and reversed, in part. Costs to be divided equally between the parties.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.