OPINION
 STATEMENT OF THE FACTS AND CASE
On July 10, 2000, Appellant entered a plea of guilty to one count of Receiving Stolen Property and one count of Possession of Heroin.
At the time of the commission of the above offenses, Appellant was on community control in both Ross County and Franklin County.
Ross County filed a motion to revoke her probation, but intended to place her in a CBCF program rather than to send her to prison.
The Fairfield County trial court sentenced Appellant to consecutive ten-month sentences, but placed her on community control with the condition that she enter and successfully complete a CBCF program.
On March 27, 2001, Appellant's community control was revoked in Ross County and she was ordered to report to the Ross County Jail on April 6, 2001, to begin serving her ten (10) month sentence, which she failed to do.
On May 10, 2001, a motion was filed by the State of Ohio in the Fairfield County case to revoke Appellant's community control.
On July 23, 2001, Appellant stipulated to the violations of the terms of her community control by using drugs. The trial court ordered its previous sentence into execution, but delayed the filing of said entry.
On August 22, 2001, Appellant filed a motion to determine jail time credit.
On August 29, 2001, Ross County credited Appellant with 170 days of jail time credit, which included the CBCF time.
On September 21, 2001, the trial court denied Appellant's motion for jail time credit stating that Appellant had already received credit for said time in Ross County, Case No. 99-CR-112.
It is from this decision that Appellant appeals, assigning the following error:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT JAIL TIME CREDIT FOR TIME SERVED IN A COMMUNITY BASED CORRECTIONAL FACILITY ORDERED BY THE TRIAL COURT AS PART OF DEFENDANT'S COMMUNITY CONTROL.
Appellant argues that the trial court erred in not giving her jail time credit for the one hundred twenty-seven (127) days served in a community based correctional facility. We agree.
R.C. § 2967.191 governs reduction of prison term for prior confinement and states as follows:
 The adult parole authority shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
Although it is the adult parole authority's duty to reduce the term of incarceration by the number of days served prior to sentencing, it is the responsibility of the sentencing court to properly calculate the amount of days for which such credit may be extended. State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567.
A community based correctional facility constitutes confinement for purposes of R.C. § 2967.191 and a defendant is therefore entitled to jail time credit for any time served therein. State v. Napier (2001),93 Ohio St.3d 646.
While it is true that under Crim.R. 32.2(D) and R.C. § 2967.191, a trial court is not required to recognize duplicate or multiple pretrial detention credit, State v. Callender (February 4, 1992), Franklin App. No. 91AP-713, unreported, such is not the case sub judice.
The Fairfield County sentence, in the absence of any order of trial court to the contrary, must run concurrent with the earlier Ross County sentence pursuant to R.C. § 2929.41.
Appellant is entitled to credit for the same one for one number of days actually incarcerated against one charge if the sentences were to run consecutively, and against both charges if the sentences were to run concurrently. State v. Gregory (1995), 108 Ohio App.3d 264.
Therefore, Appellant's time spent at CBCF time should be credited against both the Ross County and Fairfield County cases because she was concurrently serving the sentences on both cases.
The Fairfield County trial court erred in only allowing Appellant thirteen (13) days of jail time credit.
For the above reasons, we reverse the decision of the Fairfield County Court of Common Pleas and remand this matter for proceedings consistent with this opinion.
BY Boggins, J., Gwin, P.J. and Hoffman, concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed and remanded. Costs to be assessed to Appellee.