OPINION
Defendant-appellant, Dane Eric Felver, Jr., appeals from a decision of the Auglaize County Court of Common Pleas, Juvenile Division, sentencing him to a minimum of six months and a maximum of his 21st birthday on a count of Attempted Gross Sexual Imposition, defined by R.C.2923.02/2907.05(A)(4) as a fourth degree felony if committed by an adult.
The pertinent facts and procedural history of this case are as follows. On January 13, 2000, the appellant entered an admission to one count of Inducing Panic, a misdemeanor of the first degree, and was adjudicated delinquent. The appellant was placed on probation. On February 8, 2000, the appellant's younger sister disclosed sexual incidents that had occurred five to six years ago between herself and Dane. The appellant was interviewed and confessed to the sexual incidents involving his sister.
A probation violation was filed on March 2, 2000 alleging inappropriate sexual contact with a fourteen year old female, the appellant's girlfriend at the time. These allegations were based upon information that events had occurred since January 13, 2000, when the appellant was placed on probation.
On May 8, 2000, the appellant was charged with three counts of Gross Sexual Imposition, based upon the events disclosed in February by his sister. The appellant appeared before the Auglaize County Juvenile Court on both the probation violation and the three counts of Gross Sexual Imposition. Pursuant to plea negotiations, the appellant entered an admission to two counts of Attempted Gross Sexual Imposition, and the state dismissed the third count of Gross Sexual Imposition and the probation violation. The juvenile court then held a disposition hearing upon Count One and imposed a commitment to the Department of Youth Services ("DYS") for a minimum of six months and a maximum attainment of his 21st birthday. The court postponed disposition on Count Two until after the initial six months have been completed.
On March 22, 2001, the appellant filed a notice of appeal in the Auglaize County Juvenile Court and a motion for leave to file a delayed appeal and accompanying documents in this court. This court, in case number 2-2001-04, denied the motion for leave on May 10, 2001.
On May 21, 2001, the appellant filed an application for reconsideration which was denied on June 4, 2001. On July 9, 2001, the appellant filed another notice of appeal relying on the Ohio Supreme Court's decision inIn Re: Anderson.[1] The state's motion to dismiss was denied.
The appellant asserts the following five assignments of error.
 ASSIGNMENT OF ERROR NO. I The prosecution, adjudication, and commitment of Dane Felver for alleged acts of Gross Sexual Imposition, which occurred when Dane was nine (9) years old, violates public policy, the rules of juvenile procedure, and Dane's rights to due process under the United States and Ohio Constitutions.
In his first assignment of error, the fifteen year old appellant argues that his prosecution and adjudication as delinquent for attempted gross sexual imposition, acts which occurred when he was nine years old, was repugnant to R.C. 2151.01 and Juv.R. 9(A).
In pertinent part, R.C. 2151.01 provides that the intent of R.C. 2151 is the following:
 (A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151 of the Revised Code;
 (B) To protect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts and to substitute therefore a program of supervision, care, and rehabilitation;
 (C) To achieve the foregoing purposes, whenever possible, in a family environment, separating the child from its parents only when necessary for his welfare or in the interests of public safety.
Juv.R. 9(A) states the following: "In all appropriate cases formal [court] action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court."
The appellant solely relies upon the Ohio Supreme Court's decision inIn re M.D., a case involving a fourteen year old girl, then at the age of twelve, who was charged with one count of complicity to rape, in violation of R.C. 2907.02 and 2923.03(A)(4).[2] The Court explained that the goals of the juvenile court system are "most effectively met at the initial intake of the juvenile by the juvenile court. The overriding rule upon intake of a child is that formal court action should be a last resort to resolving juvenile problems."[3] Vacating M.D.'s adjudication as a delinquent child, the Court stated that "[n]othing in the record or in the arguments of the prosecutor persuades us that the `best interest of the child and the public' were served by filing the instant complaint."[4]
The appellant contends that In re M.D. is binding because it involves issues and claims similar to those in the instant case. We disagree. The facts within In re M.D. contrast sharply with those before us. In reM.D. involved a twelve year old girl who was playing doctor with two five year olds.[5] M.D. directed one of the five year olds to put his penis in the mouth of the five year old girl.[6] Evidence suggested that the children were playing doctor and that M.D.'s instruction was for the purpose of taking the temperature of the girl.[7] In part because there was no record of sexual satisfaction or oral stimulation, the Court found that the elements of rape were absent.[8] In the present case, the appellant and his sister were not playing doctor. The alleged activity was sexual and included threats of violence. The complaint in the appellant's case alleges that "he told her that if she did not touch his privates and allow him to touch her privates he would kill her."
The appellant has failed to offer any Ohio precedent which supports the proposition that prosecuting him for sexual crimes which occurred six years earlier runs against the stated goals and purposes of the juvenile justice system. Therefore, we are not persuaded that the appellant's due process rights were violated.
Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II Dane Felver's Commitment to the Department of Youth Services is in violation of the Federal and State Constitutions prohibiting ex post facto laws.
In his second assignment of error, the appellant maintains that his commitment to DYS violates federal and state prohibitions regarding expost facto laws. The appellant contends that because he was nine years old at the time the alleged offenses were committed, pursuant to R.C.5139.05(A), he should not have been committed to DYS.[9] The law in effect in 1994 provided:
 The Juvenile Court may commit any child to the Department of Youth Services permanently as authorized in section 2151.355 of the Revised Code, provided that any child so committed shall be at least 12 years of age at the time of commitment.[10]
The appellant asserts that he received a harsher sentence because the prosecution was delayed by six years. This argument misses the point of the ex post facto prohibition. Article I, section 10 of the United States Constitution prohibits the States from passing any "ex post facto Law." The focus of the ex post facto inquiry is whether a legislative change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.[11]
From 1994 until the date of sentencing, there was no legislative change to R.C. 5139.05(A). Nor had there been a legislative alteration in the definition of the appellant's crime. In fact, the same statutory language is present in today's version of R.C. 5139.05(A). Thus, the ex postfacto clause is inapplicable to the present case, and the appellant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. III The prosecution, adjudication, and commitment of Dane Felver for Attempted Gross Sexual Imposition was barred by the statute of limitations.
In his third assignment of error, the appellant argues that because the complaint was not filed until May 8, 2000, each offense occurring between "January 1, 1994 and May 8, 2000" was barred from prosecution due to the statute of limitations. We presume that the latter date the appellant refers to is actually May 8, 1994. It is true that there is a four-month period in which it initially appears that any offenses which occurred therein would be time-barred by R.C. 2901.13.
In 1994, R.C. 2901.13 provided in part:
 (A) Except as provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
 (1) For a felony other than aggravated murder or murder, six years;
However, the statute also states the following:
 (F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered.
The appellant's prosecution was commenced on May 8, 2000, and the criminal acts with which he was charged occurred between January 1, 1994 and September 19, 1994. Any acts which occurred after May 8, 1994 are within the six year period prescribed by statute. Under R.C. 2901.13, prosecution is barred for those acts occurring before May 8, 1994.
The period of limitation does not, in every circumstance, begin to run once the offense is committed. Pursuant to R.C. 2901.13(F), the period of limitation did not run until the acts were discovered. "For purposes of R.C. 2901.13(F), the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act."[12]
Among those responsible adults listed in R.C. 2151.421 is a licensed professional counselor.
The appellant's father admitted to the trial court that once he knew of the appellant's improprieties with his sister, the appellant was enrolled in counseling with Doug Johnson. If the appellant disclosed his offenses to a licensed professional after May 8, 1994, the statute of limitations would not prevent the appellant's prosecution on the matter before this court. The record reveals no evidence of the specific date that the appellant began counseling or whether the counselor was a licensed professional. Mr. Johnson's credentials are not part of the record.
Thus, we are faced with a juvenile who has admitted to crimes occurring some time between January and September, 1994, and who subsequently revealed the nature of the crimes to a professional counselor. The appellant has offered no evidence that the crimes were time-barred and would have us reverse the decision of the trial court by interpreting the evidence in a manner which second guesses the court's jurisdiction to hear the case. Nevertheless, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]."[13] Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the [juvenile] court's verdict and judgment."[14] In the present case, absent any evidence to the contrary, we presume that the crimes for which the appellant entered an admission fell within the statute of limitations.
Therefore, the appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court committed plain error when it failed to properly calculate and credit Dane Felver's detention credit pursuant to R.C. 2151.355(F)(6).
In his fourth assignment of error, the appellant contends that the trial court misapplied R.C. 2151.355(F)(6) by crediting time in detention to a probation violation which was dismissed rather than to the crime for which he was committed.
R.C. 2151.355(F)(6) provides:
 When a juvenile court commits a delinquent child to the custody of the department of youth services * * *, the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based. The department shall reduce the minimum period of institutionalization or minimum period of institutionalization in a secure facility specified in division (A)(4) or (5) of this section by both the total number of days that the child has been so held in detention as stated by the court in the order of commitment and the total number of any additional days that the child has been held in detention subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.
In compliance with the sentencing guidelines of R.C. 2151.355(A)(4), the trial court sentenced the appellant to a commitment to DYS for a minimum period of six months and a maximum period not to exceed the appellant's twenty-first birthday. In the sentencing hearing on May 25, 2000, the court credited his time in detention not to the case presently before this court but to a probation violation in Case 542-JV-99 for which the appellant was detained on March 1, 2000.
The appellant argues that because the probation violation was ultimately dismissed, the court credited the appellant for "dead" time.[15] We agree. The judgment entry sentencing the appellant for the first count of Attempted Gross Sexual Imposition dismisses the motion for probation violation in Case No. 542-JV-99. Therefore, we find that the trial court incorrectly failed to credit the appellant with time served for a case which was dismissed.
Despite the trial court's error, the appellant has not been prejudiced because the minimum sentence period of six months expired on November 30, 2000 and the appellant remains in the custody of DYS.
 ASSIGNMENT OF ERROR NO. V Dane Felver was denied the effective assistance of trial counsel when counsel failed to raise meritorious defenses to the alleged offense.
For his final assignment of error, the appellant asserts that his trial counsel's failure to raise certain issues in the court below denied him of the effective assistance of counsel.
The standard of review for a claim of ineffective assistance of counsel is well-settled. To successfully present a claim, a party must meet the two-prong test set forth by the United States Supreme Court in Stricklandv. Washington.[16] "Reversal of a conviction for ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial."[17] A claim may be dismissed for the defendant's failure to satisfy either prong.[18]
The defendant must then demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19] The Supreme Court of Ohio has held that counsel's performance is deficient if it falls below the objective standard of reasonable representation.[20] Additionally, "in Ohio a properly licensed attorney is presumably competent."[21]
The appellant asserts that his trial counsel's performance was deficient for his failure to raise issues regarding public policy; Juv.R. 9; the appellant's due process rights; the prohibition against ex post facto laws; and the commencement of the prosecution outside of the statute of limitations. Had these objections been raised, the appellant contends, he would not stand adjudicated delinquent of sexual offenses.
As mentioned previously, neither Juv.R. 9 nor the appellant's due process rights were violated by the prosecution. Nor was there a violation of the prohibition against ex post facto laws. On these matters, the trial counsel was not deficient for his failure to raise objections. Though the trial court erred when it failed to properly credit the appellant with time served, the minimum sentence period had come to pass in November 2000, and the appellant remains in the custody of DYS. Thus, though trial counsel should have objected, the appellant has not suffered prejudice as a result.
Finally, the appellant maintains that his trial counsel was deficient for failing to object to the commencement of the prosecution outside of the statute of limitations. Trial counsel is presumed to be competent, and we cannot rule out the possibility that trial counsel may have known that the statute of limitations did not bar the current actions. We, therefore, cannot conclude that trial counsel's failure to object on statute of limitations grounds was deficient.
Accordingly, the appellant's fifth assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] (2001), 92 Ohio St.3d 63.
[2] (1988), 38 Ohio St.3d 149.
[3] Id. at 153.
[4] Id. at 153-154.
[5] Id.
[6] Id.
[7] Id.
[8] Id.
[9] A similar argument, though not on ex post facto grounds, was unsuccesfully raised before the Sixth District Court of Appeals in In reJoseph S. (April 19, 1996), Lucas App No. L-95-148, unreported. There, the appellant asserted that he was improperly sentenced for crimes committed when he was eleven years old, in violation of R.C. 5139.05. The Sixth District found full compliance with the law because the appellant was fourteen years old at the time he was permanently committed to the custody of DYS.
[10] R.C. 5139.05(A).
[11] California Dept. of Corr. v. Morales (1995), 514 U.S. 499,504.
[12] State v. Hensley (1991), 59 Ohio St.3d 136, 141.
[13] Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19.
[14] Id.
[15] See State v. Gregory (1995), 108 Ohio App.3d 264.
[16] (1984), 466 U.S. 668. See, also, Bradley,42 Ohio St.3d 136.
[17] Ohio v. Jones (2000), 90 Ohio St.3d 403, 407; citing Strickland,supra.
[18] Strickland, 466 U.S. 668.
[19] Id. at 694.
[20] Bradley, 42 Ohio St.3d 136.
[21] State v. Jackson (1980), 64 Ohio St.2d 107, 110-111.