[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Raymond Akins, appeals the judgment of the Hamilton County Court of Common Pleas calculating jail-time credit. For the following reasons, we affirm the trial court's judgment in part, reverse it in part, and remand the cause with instructions to modify the judgment.
{¶ 3} In 1998, Akins entered guilty pleas to two counts of receiving stolen property and one count of possessing criminal tools. Akins appealed the sentences for the convictions, and this court reversed the sentences, holding that the court had not made the requisite statutory findings. After we remanded the cause, the trial court resentenced Akins, and Akins again appealed. In the second appeal, Akins argued that the trial court had erred in calculating the amount of credit for jail time served.[1] We again reversed the trial court's judgment and remanded the cause for a recalculation of credit for time served. The trial court issued an entry calculating Akins's credit, and this appeal followed.
{¶ 4} In his first assignment of error, Akins argues that the trial court erred in granting him credit for only eighty-eight days under case numbers B-9803828 and B-9803511. Records from the Hamilton County Sheriff indicated that Akins was confined from May 21, 1998, until August 18, 1998 on those charges.[2] While Akins argues that that period of time encompassed ninety days, we hold that he should have received eighty-nine days of credit. R.C. 2949.08(D) provides that "a person shall be considered to have been confined for a day if the person was confined for any period or periods of time totaling more than eight hours during that day."[3] Here, the record indicates that Akins was confined for more than eight hours on August 18, 1998 but does not indicate that he was confined for that period of time on May 21, 1998. Accordingly, we reverse that portion of the trial court's calculation and remand the cause with an order to credit Akins with eighty-nine days.[4]
{¶ 5} In his second assignment of error, Akins argues that he was denied the effective assistance of counsel in the hearing to determine credit for time served. Specifically, he cites counsel's unfamiliarity with proceedings in Georgia, where Akins had been confined prior to sentencing in the instant matter. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[5]
{¶ 6} In the case at bar, Akins has failed to demonstrate any prejudice that may have resulted from counsel's alleged deficiencies. The record demonstrates that Akins had been held in Georgia on an unrelated matter and was therefore not entitled to credit for that period of confinement.[6] Thus, counsel's unfamiliarity with the Georgia proceedings was inconsequential, and the second assignment of error is overruled.
{¶ 7} In his third and final assignment of error, Akins argues that the trial court erred in crediting him with fewer days than it had calculated in its original sentencing entry. He argues that the issue wasres judicata because the credit was not challenged in the first appeal. We disagree. As the state notes, Akins disputed the credit for time served in the second appeal of this matter[7] and in the instant appeal. He cannot simultaneously challenge the credit granted by the trial court and claim that the credit had been finally determined.[8] The third assignment of error is overruled.
{¶ 8} Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with an instruction to grant Akins eighty-nine days of credit in conformity with our disposition of the first assignment of error.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{¶ 10} Doan, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Akins (Dec. 19, 2001), 1st Dist. Nos. C-010077, C-010078, and C-010079.
[2] The trial court placed Akins on community control on August 18, 1998. The court later sentenced him to prison after he had violated the terms of community control.
[3] R.C. 2949.08 relates specifically to commitment in a jail or community-based correctional facility. Nonetheless, we find the language of subsection (D) to be instructive where the offender is committed to prison. The statute addressing days of credit prior to commitment to prison, R.C. 2967.191, does not define what is meant by a "day" of confinement, but we can conceive of no reason for different methods of computation in the two situations.
[4] We reject the state's contention that Akins had agreed to the eighty-eight days' credit and was therefore prevented from challenging the trial court's computation. Credit for time served arises by operation of law and is not part of the sentence. The court thus does not have the discretion to credit the defendant with an amount of time agreed to or suggested by the parties. See State v. Gregory (1995), 108 Ohio App.3d 264,268, 670 N.E.2d 547.
[5] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[6] See R.C. 2967.191.
[7] See Akins, supra. As we noted in our judgment entry in the second appeal, "[b]oth the prosecutor and defense counsel have requested that this court remand this case for a correct calculation of Akins's credit for time served." See id.
[8] We note that Akins does not challenge the trial court's calculation under this assignment of error. He claims only that the trial court was precluded from reducing the amount of credit granted in the original sentencing hearing.