DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se accelerated appeal from a judgment of the Lucas County Court of Common Pleas that revoked appellant's community control and imposed his suspended prison sentence, giving appellant credit for time in custody and ordering credit for his future days in custody while awaiting transportation to the appropriate state institution.
 {¶ 2} On October 11, 2001, appellant was found guilty of two counts of non-support of dependents, in violation of R.C. 2919.21(A)(2), a felony of the fourth degree, and 2919.21(B) and (G)(1), a felony of the fifth degree. Appellant was sentenced to one and one-half years incarceration as to the first count and one year incarceration as to the second count, with the terms to be served consecutively. The trial court suspended appellant's prison sentence, however, and ordered five years of community control as to the first count and enrollment in the Judicial Supervisory Intervention Program as to the second count. On October 12, 2001, appellant was remanded into the custody of the Lucas County Sheriff's Department pending a hearing on a violation of his community control. Appellant admitted to the violation, and on October 18, 2001, the trial court revoked the community control and imposed the prison sentences previously ordered. By judgment entry filed that same day, appellant was given credit for six days of custody as of that date along with future custody days while awaiting transportation to the appropriate state institution.
 {¶ 3} On October 30, 2002, appellant filed a motion for jail-time credit pursuant to R.C. 2967.191. On November 6, 2002, the trial court denied appellant's motion, and on November 22, 2002, appellant filed a notice of appeal.
 {¶ 4} Appellant asserts that he received six days credit for time served prior to sentencing and another six days for time awaiting transportation after sentencing. Based on our review of the record which shows that appellant was held in the Lucas County Jail from October 12, 2001 until October 25, 2001, when he was transported to the correctional facility, 12 days credit for time served is appropriate. The record also reflects that appellant was arrested on September 6, 2001, and released on bond September 12, 2001, but there is no indication in the record that the trial court credited appellant at sentencing for those six days. We therefore find that appellant is entitled to six additional days of credit for time served.
 {¶ 5} Appellant also appears to argue that his jail-time credit should be applied to each of his convictions separately — in essence, that he should be given double credit for time served before he was transported to the regional correctional facility. R.C. 2967.191
requires that a defendant be given credit for any time of incarceration that arises out of the offense for which he was convicted and sentenced. However, a defendant is only entitled to a one-for-one credit for each day spent in jail. Where multiple sentences run consecutively, as in this case, the days are credited to one charge. State v. Gregory (1995),108 Ohio App.3d 264, 269. Appellant's argument that he should receive separate credit for each conviction is therefore without merit.
 {¶ 6} Based on the foregoing, appellant's sole assignment of error is found well-taken in part and not well-taken in part.
 {¶ 7} On consideration whereof, the judgment of the Lucas County Court of Common Pleas with respect to crediting jail time is reversed. This matter is remanded to the trial court to amend its sentencing entry consistent with this opinion and transmit the same to the Ohio Department of Rehabilitation and Correction. In all other respects, the judgment is affirmed. Costs to appellee.
JUDGMENT REVERSED, IN PART AND AFFIRMED, IN PART.
Pietrykowski and Lanzinger, JJ., concur.