DECISION.
{¶ 1} Defendant-appellant Calvin Tolar pleaded guilty to two counts of theft, one count of failing to deliver a certificate of motor vehicle title, and one count of altering a certificate of motor vehicle title. Tolar was a used-car salesman and had used his position to defraud several of his customers. The trial court sentenced Tolar to five years of community control. Under the conditions of his community control, Tolar was to provide legal car titles to several of his victims, make restitution to the victims, and pay court costs. He agreed to pay two hundred dollars each month to satisfy the financial portion of his community-control obligations.
 {¶ 2} After several months, Tolar had not provided legal title to all of the victims and had not made any of his monthly payments. But the trial court gave Tolar another chance to fulfill his obligations, continuing sentencing on the community-control violations for another six months. By his next sentencing hearing, Tolar still had not satisfied the conditions of his community control. The trial court sentenced Tolar to four years' imprisonment. Tolar appealed his sentence.
 {¶ 3} We reviewed the case and issued a judgment holding that the trial court did not have the authority to sentence Tolar to a term of imprisonment.[1] The trial court had erred by failing to tell Tolar what his prison sentence would be if he violated his community-control sanctions.[2] Even though the trial court had erred in imposing a prison term, we held that the trial court could impose a longer term for the same community-control sanction or a more restrictive sanction such as local jail time. During the appeal, Tolar was imprisoned for approximately nine months.
 {¶ 4} On remand, the trial court seemingly sentenced Tolar to 180 days' incarceration in a local jail and two years of community control. But the court did not credit Tolar's prison time toward his new sentence.
 {¶ 5} Tolar now raises three assignments of error: (1) the trial court should have credited the time he spent in prison toward his new sentence; (2) one of the conditions of community control was ambiguous; and (3) the trial court should have held a hearing to determine whether Tolar could pay the court-ordered restitution.
 I. Credit for Time Served {¶ 6} Tolar argues that the trial court erred by resentencing him to a term of local imprisonment and by not crediting him with any of the nine months he had served in prison. We agree.
 {¶ 7} If an offender violates the terms of a community-control sanction, the trial court may sentence the offender to (1) a longer time under the same sanction; (2) a more restrictive sanction, including local jail time; or (3) a prison term within the range of terms appropriate for the underlying offense.[3] This court has previously held that the court may only impose a prison term for a violation of community-control sanctions if (1) the offender was given notice of the specific prison term that would be imposed at the original sentencing hearing, and (2) the term of imprisonment given does not exceed the term for which the offender was given notice at the prior hearing.[4] It was on this basis that we reversed Tolar's original prison sentence.[5]
 {¶ 8} When the trial court sentences an offender to jail, the court shall reduce the sentence by the total number of days the person has been confined for any reason arising out of the offense for which the person has been convicted and sentenced.[6] The trial court should make the determination as to the proper number of days' credit available to the offender.[7]
 {¶ 9} In this case, the trial court had already sentenced Tolar to nine months' imprisonment for the violation of his community-control sanctions. Tolar served nine months before we vacated the sentence. Without any further community-control violations or the commission of any additional crimes, the trial court purportedly resentenced Tolar to an additional six months in a local jail. The court was "not sure where that nine months comes in * * *." But we are convinced that the nine months should have been awarded as credit for time served. The trial court should have reduced Tolar's sentence by the total number of days that he was confined as a result of his original sentence on the community-control violations.
 {¶ 10} But we have another problem with Tolar's sentence though the transcript reflects that the trial court sentenced Tolar to 180 days' local incarceration, the sentencing entry contains no jail sentence. The sentencing entry — and the court speaks only through its journal entries[8] — does not exhibit the error of which Tolar complains. If Tolar has actually served the 180 days, we are at a loss to explain how he could have done so without any paperwork. There is none in the case file or on the trial docket.
 {¶ 11} Though counsel has orally stated that Tolar was sent to jail, the journalized sentence contained no jail time. Because we are confined to the record, and the record does not demonstrate the error Tolar complains of, we must overrule this assignment of error.
 II. Community-Control Conditions {¶ 12} In his second assignment of error, Tolar asserts that the conditions of his community control were ambiguous and therefore beyond his ability to follow. In this respect, he challenges the trial court's instruction to "cooperate with law enforcement in regards to getting these people their car titles back."
 {¶ 13} A trial court may impose any conditions of release under a community-control sanction that the court considers appropriate.[9]
Tolar had already partially complied with the condition concerning the titles. Tolar's counsel stated that Tolar had already resolved four of the seven title problems prior to his original sentencing. There was no evidence that Tolar did not understand what the trial court requested of him. Further, Tolar was already in violation of his community control because he had failed to make his monthly payments.
 {¶ 14} We therefore overrule Tolar's second assignment of error.
 III. Restitution Hearing {¶ 15} In his third assignment of error, Tolar argues that the trial court should have held a hearing to determine whether he was able to pay the court-ordered restitution. Tolar is incorrect.
 {¶ 16} A trial court must consider the offender's ability to pay a financial sanction.[10] The trial court may hold a hearing on an offender's ability to pay a financial sanction.[11] The decision to hold such a hearing is left to the discretion of the trial court.[12]
 {¶ 17} We cannot modify a financial sanction unless we find by clear and convincing evidence that it is contrary to law.[13]
Restitution by the offender to the victims of the offender's crimes is a proper basis for a financial sanction.[14] Tolar's financial sanction, therefore, was not contrary to law.
 {¶ 18} The trial court continued sentencing once to allow Tolar more time to comply with the sanctions. At the next sentencing hearing, Tolar informed the court that he was making approximately $3,000 each month at his new job. We cannot say that the court abused its discretion by not holding a hearing to determine Tolar's ability to pay the restitution. Further, Tolar did not request a hearing to determine his status as an indigent, so he has waived any error.[15]
 {¶ 19} Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
Doan, P.J., concurs.
Gorman, J., concurs in judgment only.
[1] See State v. Tolar (Nov. 27, 2002), 1st Dist. No. C-020195.
[2] Id.
[3] R.C. 2929.15(B); R.C. 2929.16.
[4] State v. Sutherlin (Oct. 3, 2003), 1st Dist. No. C-020715;State v. Levy (May 11, 2001), 1st Dist. No. C-000713.
[5] See Tolar, supra.
[6] R.C. 2949.08(C)(1); State v. Gregory (1995), 108 Ohio App.3d 264,670 N.E.2d 547.
[7] Gregory, supra.
[8] State v. King, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903.
[9] R.C. 2929.15(A).
[10] State v. Davis, 1st Dist. No. C-010477, 2002-Ohio-1982.
[11] R.C. 2929.18(E).
[12] Id.; Davis, supra.
[13] Davis, supra.
[14] R.C. 2929.18.
[15] See State v. Van Meter, 3rd Dist. No. 7-2000-06, 2000-Ohio-1783.