OPINION
{¶ 1} Elliott Sears appeals from a judgment of the Montgomery County Court of Common Pleas which, having found a violation of the conditions of his community control, imposed a one year term of imprisonment for domestic violence. Sears contends that he did not receive an appropriate amount of jail time credit.
 {¶ 2} Sears was convicted of domestic violence in August 2003 and was sentenced to community control sanctions for a period not to exceed five years. The court indicated that it would impose a twelve month prison term if the terms of the community control were violated. On December 23, 2003, the court found that the terms of community control had been violated and imposed the twelve month sentence, ordering that it be served consecutively to the sentences imposed in Case Nos. 2000-CR-3686 and 2001-CR-1995. The termination entry did not specify the amount of jail time credit that Sears was to receive. The Department of Rehabilitation and Correction ("DRC") subsequently determined that Sears was entitled to seven days of aggregate jail time credit.
 {¶ 3} Sears raises two assignments of error on appeal, both of which relate to the amount of jail time credit. We will address these assignments together.
"The trial court committed prejudicial error by entering a finding that appellant shall receive only seven days aggregate jail sentence which finding was against the manifest weight of the evidence.
"The trial court's conclusion that appellant receive aggregate credit for time served of only seven days was contrary to law."
 {¶ 4} Sears claims that the trial court was required to make the factual determination as to the number of days of jail time credit that he was entitled to receive, that it was obligated to calculate this amount properly, and that it failed to do so. The state responds that, insofar as the trial court's entry was silent as to the amount of jail time credit, the entry was not incorrect. The state contends that the DRC, rather than the trial court, made the error of which Sears complains, and that the proper remedy is for Sears to file a petition for a writ of mandamus to require the DRC to award him the correct number of days.
 {¶ 5} We have previously addressed the nature of the trial court's obligation with respect to the calculation of jail time credit.
 {¶ 6} "Formerly, trial courts were required by Crim.R. 32.2 to recite, in the termination entry, the amount of time that a convicted defendant spent incarcerated before sentencing. However, Crim.R. 32.2 was amended, effective July 1, 1998, and no longer contains this requirement. The Department of Rehabilitation and Corrections [sic] understandably would appreciate a trial court's recitation, in its termination entry, of the amount of time that a convicted defendant has spent in jail upon a charge for which he was convicted, so that the Department may perform its duty pursuant to R.C. 2967.191. * * * Although we cannot say that a trial court is required by law to recite the amount of pre-sentence jail time in its termination entry, that is, in our view, clearly the better practice." State v. Reichelderfer (Apr. 30, 1999), Montgomery App. No. 17445.
 {¶ 7} Thus, the trial court was not required to calculate the jail time credit, although that is the preferred practice.
 {¶ 8} The cases relied upon by Sears predate the amendment of Crim.R. 32.2, and are thus unpersuasive. See State ex rel. Corder v. Wilson
(1991), 68 Ohio App.3d 567, 589 N.E.2d 113; State v. Gregory (1995),108 Ohio App.3d 264, 670 N.E.2d 547. Moreover, Sears mischaracterizes the DRC's Notice of Commitment and Calculation of Sentence as an entry filed by the trial court. The DRC's notice was filed stamped by the clerk of courts on January 6, 2004, but that file-stamp did not convert the DRC notice into a trial court entry. If the trial court had, in fact, filed an entry that misstated the amount of jail time credit, Sears would be entitled to relief on appeal. See Reichelderfer, supra. However, the court's silence on the issue does not entitle Sears to any relief. Where the trial court fails to specify the number of days of jail time credit, and the DRC erroneously calculates the time, a defendant's only recourse is a petition for a writ of mandamus to require the DRC to award him the correct number of days. State v. Sheffield, Montgomery App. No. 20029, 2004-Ohio-3099.
 {¶ 9} The first and second assignments of error are overruled.
 {¶ 10} The judgment of the trial court will be affirmed.
Fain, J. and Grady, J., concur.