I respectfully dissent with respect to allocation of credit for time served. Thomas Klein was jailed on this charge on November 7, 2003. A parole holder was put on him on November 8, 2003. At sentencing he asked for credit for the entire time he was incarcerated. The trial court gave him one day of credit, as that was the time that he was held only on the charge in question. The majority correctly cites Logan,[17] which says that one is not entitled to credit for incarceration that arises from facts separate from the current charge, but that is exactly what happened here. Klein would have been incarcerated on the parole holder after November 8, 2003, even if this charge were dismissed. Gregory[18] says a court cannot allocate time to a charge resulting in an acquittal if the defendant is convicted of another offense. That is not the case here. The only speculation involved is that Klein will be acquitted of the parole holder.
This court previously decided the same issue in State v. Killings,[19]
a decision in which Judge Doan and I joined. There we said, "The trial court found that Killings had been in jail on a parole holder and advised him that credit for time served would be applied to the parole holder. Because the parole holder arose out of Killing's prior convictions, we hold that the trial court did not err in this case when it refused to give him credit for time served on his current sentence." We should follow our prior decision and not give Klein double credit for his time in jail.
[17] State v. Logan (1991), 71 Ohio App.3d 292, 593 N.E.2d 395.
[18] State v. Gregory (1995), 108 Ohio App.3d 264, 670 N.E.2d 547.
[19] (Nov. 29, 2000), 1st Dist. No. C-000061.