ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 29, 2003, the petitioner, Steven Wilcox, commenced this mandamus action against the respondents, Judge Shirley Strickland-Saffold and Warden Julius Wilson, to compel the respondents to grant him 83 days of jail time credit in the two underlying cases, Statev. Wilcox, Cuyahoga County Common Pleas Court case Nos. CR-401042 and 400722. Mr. Wilcox also seeks to order the respondents to correct his prison release date from January 31, 2004, to November 23 or 24, 2003. On November 20, 2003, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness; attached to this dispositive motion are certified copies of signed, file-stamped November 18, 2003 journal entries which grant Mr. Wilcox 72 days credit in each of the underlying cases. On November 24, 2003, the respondent warden filed a motion to dismiss, which argues that Mr. Wilcox's mandamus complaint is defective and that given the court's orders as stated in the complaint, the respondent warden has no authority to change Mr. Wilcox's release date because of jail time credit. Mr. Wilcox never filed responses to either motion. For the following reasons, this court grants the motions and denies the application for a writ of mandamus.
 {¶ 2} In case No. CR-401042 Mr. Wilcox was charged with failure to comply with an order of a peace officer. In case No. CR-400722 he was charged with vandalism, felonious assault, and failure to comply with an order of a peace officer. He was arrested on these charges on December 1, 2000. He pleaded guilty in both cases on February 8, 2001, and sentenced to three years on the assault charge and the failure to obey charges, all to run concurrent.[1] The sentencing entries did not refer in any way to jail time credit.
 {¶ 3} Mr. Wilcox avers that he remained in jail until February 21, 2001, when he was transported to prison. Thus, he concludes that he is entitled to 83 days of jail time credit. In May 2002, he moved the trial court in case No. CR-400722 to grant him this credit. The respondent judge in January 2003, granted the motion but did not specify the number of days; rather she ordered the Sheriff to calculate the credit.
 {¶ 4} Mr. Wilcox avers, however, that the respondent warden has informed him that his release date is January 31, 2004. The warden explained that because the credit was only given in case No. CR-400722, he must serve the full time in the other case. Mr. Wilcox then moved for jail time credit in case No. CR-401042 on October 21, 2003, and subsequently filed this mandamus action.
 {¶ 5} The journal entries attached to the judge's summary judgment motion establish that she has granted him 72 days of credit in both the underlying cases. Thus, the mandamus claim against the respondent judge is moot. She has fulfilled the court's duty to specify the number of days of jail time credit in a journal entry. State ex rel. Corder v. Wilson
(1991), 68 Ohio App.3d 567, 589 N.E.2d 113. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Neyv. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. An error, if any, in calculating the number of jail time credit days is properly remedied through appeal, not mandamus. State v. Gregory (1995), 108 Ohio App.3d 264,670 N.E.2d 547; State v. Callender (Feb. 4, 1992), Franklin App. No. 91AP-713 and State ex rel. McDougal v. Curran (Jan. 7, 1999), Cuyahoga App. 75272. Thus, summary judgment on the mandamus claim against the respondent judge is proper.
 {¶ 6} Mandamus against the respondent warden is also unwarranted. Per the allegations in the complaint, the warden was properly fulfilling his duties in granting jail time credit for only case No. CR-400722, because the judge had not granted credit in the other case. State exrel. Rankin v. Ohio Adult Parole Authority, 98 Ohio St.3d 476,2003-Ohio-2061, 786 N.E.2d 1286. Moreover, this was not per se improper. Cf. State v. Smith (1992), 71 Ohio App.3d 302, 593 N.E.2d 402 and Statev. Logan (1991), 71 Ohio App.3d 292, 593 N.E.2d 395. Because the judge has granted jail time credit in both cases, the respondent warden has a new duty which renders mandamus premature. Mandamus does not lie to remedy the anticipated nonperformance of a duty.State ex rel. Home CarePharmacy, Inc. V. Creasy (1981), 67 Ohio St.2d 342, 423 N.E.2d 482;Dept. of Adm. Serv. v. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48,562 N.E.2d 125 and Hall v. S/O Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810.
 {¶ 7} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. He also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Bd., 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 andState ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 8} Accordingly, this court grants the respondents' dispositive motions and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 9} Writ denied.
Michael J. Corrigan, P.J., and Anne L. Kilbane, J., concur.
[1] The felonious assault charge was amended to attempt, and the trial judge sentenced him to six months on the vandalism charge.