OPINION
{¶ 1} Defendant-appellant Lorenzo J. Magee appeals from the May 6, 2004, Judgment Entry of the Guernsey County Court of Common Pleas which denied appellant's motion for an additional 99 days of credit for time served in the Guernsey County Jail from June 25, 2002, through October 1, 2002. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 1, 2002, appellant was convicted of felonious assault. As part of the sentence, the trial court held as follows: "Defendant shall receive jail time credit of zero (0) as of October 1, 2002. The court notes that defendant has been incarcerated in the Guernsey County Jail for 99 days in this case (between June 25, 2002 through October 1, 2002); however, the court DENIES defendant jail-time credit for this time frame due to his failure to cooperate with this Court's Probation Officer in the preparation of the pre-sentence investigation report." (Original Emphasis.)
 {¶ 3} Appellant did not appeal from this conviction and sentence. Thereafter, on January 7, 2003, appellant filed a pro-se motion with the trial court requesting jail-time credit. This motion was denied on January 22, 2003. Subsequently, appellant filed a motion for delayed appeal on October 22, 2003. This court granted appellant's motion for delayed appeal on November 4, 2003.[1] However, appellant failed to file a merit brief in that case. Accordingly, the matter was dismissed on January 29, 2004, for want of prosecution.
 {¶ 4} On April 22, 2004, appellant filed a motion for jail time credit in the trial court. Again appellant sought credit for the 99 days of jail time. Appellant's motion was denied by the trial court on May 6, 2004.
 {¶ 5} It is from the May 6, 2004, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 6} "I. Whether it is an abuse of discretion to deny jail time to a defendant for impermissible reasons, when that jail time credit has been lawfully earned."
 {¶ 7} In the sole assignment of error, appellant contends that the trial court abused its discretion when it denied appellant jail time credit for the 99 days he spent in the county jail. Upon review, we find that we must dismiss this appeal as untimely filed and for lack of a final, appealable order.
 {¶ 8} This court addressed a similar situation in State v. Tulley,
Stark App. No. 2001CA00313, 2002-Ohio-1290, appeal den.,96 Ohio St.3d 1467, 772 N.E.2d 1203. In that case, Tulley alleged that the trial court had erred when it failed to correctly grant jail time credit. Tulley did not appeal from the conviction and sentence. Instead, years later, Tulley attempted to correct the alleged error by filing a motion for jail time credit. The trial court denied the motion. This court concluded that Tulley's right to appeal the calculation of jail time credit arose when the trial court granted the credit for time served to Tulley. This court held that the order awarding the jail time credit was the final appealable order pursuant to R.C. 2505.02(B). It was from that entry that appellant should have appealed. The court noted that Tulley had not appealed from that order nor pursued the possibility of a delayed appeal from the entry. Further, this court held that the order overruling appellant's subsequent motion for credit for jail time was not a final, appealable order, pursuant to R.C. 2505.02(B). Consequently, Tulley's appeal was dismissed for lack of jurisdiction. Tulley, supra; In accord, State v. Harbert, Summit App. No. 20955, 2002-Ohio-6114.
 {¶ 9} In this case, appellant was denied credit for the jail time he served in the trial court's October 1, 2002, sentencing entry. That sentencing entry was a final, appealable entry. However, appellant failed to appeal from that entry. Further, this case reached us via a denial of a motion for credit for jail time. Pursuant to Tulley and R.C. 2505.02(B), we find that the order from which appellant appeals is not a final, appealable order.
 {¶ 10} Accordingly, based upon the foregoing reasons, appellant's appeal is dismissed.
By: Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed. Costs assessed to appellant.
[1] Case No. 03-CA-25.