JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Thomas Frazier (a.k.a. William Baker), appeals the trial court's decision denying his motion for declaratory judgment. Following review of the record and the arguments of the parties, we affirm.
 {¶ 2} On August 3, 1995, appellant pleaded guilty to amended counts in two separate cases. In CR320159, he pleaded guilty to one count of drug trafficking, with a firearm and a violence specification, in violation of R.C. 2925.03, and one count of having a weapon while under disability, in violation of R.C.2923.13. In CR322046, he pleaded guilty to one count of failure to comply with order/signal of police officer, with a violence specification, in violation of R.C. 2921.331; one count of having a weapon while under disability, with a firearm specification, in violation of R.C. 2923.13; one count of drug trafficking, in violation of R.C. 2905.03; one count of vandalism, in violation of R.C. 2909.05; and two counts of assault on a police officer, with a violence specification, in violation of R.C. 2903.13.
 {¶ 3} Appellant was sentenced to a total term of imprisonment of seven to fifteen years, to run consecutive to six years on gun specifications, and he was subsequently admitted to the Ross Correctional Institution.
 {¶ 4} On April 10, 2003, appellant filed a motion for judicial release, which was granted by the trial court. On May 18, 2004, he was found to be in violation of his probation. Consequently, his probation was terminated, and he was remanded to prison. On August 25, 2004, he filed a motion for jail time credit. On September 9, 2004, the trial court entered the following journal entry in response: "DEFENDANT'S MOTION FOR CREDIT FOR TIME SERVED IS GRANTED. SHERIFF TO CALCULATE."
 {¶ 5} Appellant continued to assert that the calculation of good time credit towards his projected date of his first parole board hearing was inaccurate. On August 5, 2005, he filed a motion with the trial court seeking declaratory judgment to find that the calculations of the Department of Rehabilitation and Corrections ("DRC") were incorrect. On August 18, 2005, the trial court denied his motion for declaratory judgment.
 {¶ 6} Appellant appeals that ruling, asserting three assignments of error.[1] Because all three assignments relate to the computation of his jail time credit, we address them together.
 {¶ 7} R.C. 2967.191 governs the issuance of jail time credit, providing the following:
 {¶ 8} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted * * *."
 {¶ 9} According to R.C. 2967.191, it is the DRC that is to credit jail time served; however, it is "the trial court that is to make the factual determination as to the number of days that can constitute jail-time credit." State v. Morgan (Mar. 27, 1996), Wayne County App. No. 95CA0055, citing Crim.R. 32.2(D).
 {¶ 10} In the instant case, the trial court granted appellant's motion for jail time credit after he had been remanded to prison pursuant to his probation violation. In doing so, the trial court ordered that credit be given for time served, but ordered that the time be calculated by the sheriff. While this action is not preferable, it does not ultimately prove fatal to the proceedings below.
 {¶ 11} "Formally, trial courts were required by Crim.R. 32.2 to recite, in the termination entry, the amount of time that a convicted defendant spent before sentencing. However Crim.R. 32.2 was amended, effective July 1, 1998, and no longer contains this requirement. The Department of Rehabilitation and Corrections understandably would appreciate a trial court's recitation, in its termination entry, of the amount of time that a convicted defendant has spent in jail upon a charge for which he was convicted, so that the Department may perform its duty pursuant to R.C. 2967.191. * * * Although we cannot say that a trial court is required by law to recite the amount of pre-sentence jail time in its termination entry, that is, in our view, clearly the better practice." State v. Sears, Montgomery App. No. 20330,2005-Ohio-1593, at ¶ 6, citing State v. Reichelderfer (Apr. 30, 1999), Montgomery App. No. 17445.
 {¶ 12} Therefore, pursuant to the trial court's September 9, 2004 order to credit appellant for jail time served, the duty of calculation and enforcement of that jail time credit fell squarely with the DRC. The record indicates that the DRC did subsequently reexamine appellant's jail time credit, calculating his earned credit to be 49 days and setting his first hearing date for June 8, 2007. In a letter dated September 29, 2004, the DRC reflected this determination, stating:
 {¶ 13} "I am in receipt of your correspondence regarding your sentence computation. You were not eligible for earned credit while serving your gun specification, so any credit earned during that time had to be removed. Also for two months in 2001 you earned credit for minimum status that had to be removed because you were not minimum status. Your parole board date has been calculated with 49 days of earned credit. First hearing date is6/8/07." (Ex. 15, letter from Vicki Wallace, Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation.)
 {¶ 14} Subsequent to this computation by the DRC, appellant filed his motion for declaratory judgment at issue here. In denying that motion, the trial court held: "THE RECORDS SHOW THAT JAIL TIME CREDIT CALCULATIONS ARE CORRECT." Upon our review of the record, we concur with the trial court. Pursuant to R.C.2967.191, appellant is not entitled to any jail time credit for any period of incarceration which arose from facts separate and apart from those facts on which his current sentence is based.Morgan, supra, at syllabus. Thus, the DRC was correct in not crediting time earned pursuant to appellant's gun specification conviction. That sentence ran first and has terminated. Appellant's current incarceration stems from probation violations from convictions other than his gun specification conviction. Furthermore, the record supports the DRC's understanding of appellant's status pertaining to his prior incarceration. We, therefore, find no error with the trial court's ruling below.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, J., concurs; Sean C. Gallagher, J.,Concurs in Judgment Only.
 APPENDIX A
Appellant's three assignments of error:
"I. MR. THOMAS FRAZIER WAS DENIED HIS CONSTITUTIONAL RIGHT TO A CORRECT ASSESSMENT OF HIS PAROLE ELIGIBILITY HEARING DATE, DUE TO THE DEPT. OF REHAB. CORRECTIONS BUREAU OF SENTENCE COMPUTATION FAILURE TO FOLLOW PROCEDURAL PROVISIONS OF O.R.C. 2929.41
PARAGRAPH (E)-(2), O.R.C. 2967.19.3 1(A)(C). OHIO ADM. CODE 5120-2-03, IN WHICH CONSTITUTES A CLEAR AND CONCISE VIOLATION OF PROCEDURAL DUE PROCESS AND EQUAL PROTECTION AS GUARANTEED BY THE5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
"II. THE BUREAU OF SENTENCE COMPUTATION IN ACCORDANCE WITH THE OHIO DEPT. OF REHAB. CORRECTIONS ADMINISTRATIVE POLICIES PURSUANT TO O.R.C. 5120-01 (07-O.R.D.-12) HAS NO AUTHORITY TO INTERPRET OR ALTER THE CLEAR AND AMBIGUOUS LANGUAGE CONTAINED THEREIN IN CORRELATION WITH O.R.C. 2967.191 AS SPECIFIED IN A COURT OF LEGAL JURISDICTION JUDGMENT ENTRY.
"III. THE TRIAL COURT ABUSED ITS DISCRETION WITHOUT DETERMINING WHETHER AN ACTUAL CONTROVERSY EXISTED FROM THE RECORD BY FAILING TO CORRECT THE ENCLOSED ATTACHED ERRORS."
[1] Appellant's three assignments of error are included in Appendix A of this Opinion.