DECISION.
{¶ 1} Defendant-appellant Dessalines Weaver appeals from the judgment of the Hamilton County Common Pleas Court overruling his motion seeking "correction" of the court's assessment of the days of prior confinement to be credited against his sentences. We conclude that the court erred in overruling Weaver's motion to the extent of its challenge to the calculation of his jail-time credit. And upon that conclusion, we reverse in part the judgment entered below.
 I. {¶ 2} In April of 2002, Weaver was convicted upon guilty pleas to three counts of forgery and a single count of possessing criminal tools. On each count, the court sentenced him to six months in jail and placed him on five years' community control. And the court ordered that the sentences be served concurrently. From this conviction, Weaver took no appeal.
 {¶ 3} In July of 2004, after Weaver had completed his concurrent six-month sentences, the court found him guilty of violating his community-control sanctions. For his community-control violations, the court sentenced him on each count to a prison term of one year, ordered that the four one-year sentences be served consecutively, and credited him with prior jail time of fifty-six days.
 {¶ 4} Weaver appealed his community-control convictions, citing grounds other than jail-time credit. We ultimately affirmed the convictions.[1] But while his appeal was pending, Weaver filed with the trial court three successive motions seeking correction of his jail-time credit.[2] The court responded to the first motion by increasing his jail-time credit to 102 days. The court then denied the second motion and did not address the third motion.
 {¶ 5} From these judgments, Weaver took no appeal. But in the summer of 2005, after we had affirmed his July 2004 community-control convictions, Weaver sought further correction of his jail-time credit by filing with this court an App.R. 26(B) application to reopen his direct appeal and by filing with the trial court a Civ.R. 60(B) motion for relief from judgment. These efforts were unavailing.
 {¶ 6} Finally, in September of 2005, Weaver filed his fourth motion for correction of jail-time credit. The trial court denied the motion, and this appeal followed.
 II. {¶ 7} Weaver presents on appeal five assignments of error that, when reduced to their essence, challenge the trial court's judgment overruling his motion to correct his jail-time credit. He contends that the court, in sentencing him, had miscalculated the credit and had misapplied it against his sentences. We find this challenge to be well taken in part.
 {¶ 8} The Revised Code imposes upon a sentencing court the duty to calculate, and to specify in the judgment of conviction, the total number of days that the defendant has been confined for any reason arising out of the offense for which he has been convicted.[3] The jailer or the department of rehabilitation and correction must then apply the court's factual determination of jail-time credit to reduce the defendant's sentence.[4]
 A. {¶ 9} We note preliminarily that Weaver failed to raise the issue of jail-time credit in his direct appeal from his community-control convictions. He thereafter pursued the matter down various alternative procedural avenues. He filed the motion underlying the instant appeal after the entry of the judgment of conviction on his community-control violations and after our decision in his direct appeal from that judgment. Thus, Weaver's motion for correction of jail-time credit implicated two well-settled principles: First, a trial court has no jurisdiction to reconsider a final judgment entered in a criminal case; and second, a motion seeking reconsideration of a final judgment may not be used to extend the time for appeal.[5]
 {¶ 10} The first of these principles was in play in our decision in State v. Jones.[6] In Jones, the defendant, by motion filed after his direct appeal, asked the trial court to direct the parole authority to recalculate his jail-time credit. The trial court overruled the motion, and this court affirmed. We held that "the trial court [had no] jurisdiction to entertain such a motion after the accused ha[d] been committed to a penal institution," because under former Crim.R. 32.2(D) and R.C.2967.191, the parole authority was "solely responsible for the calculation of incarceration time."[7]
 {¶ 11} Our decision in Jones was based upon a reading of former Crim.R. 32.2(D) that misperceived the trial court's role in crediting prior confinement. Before its amendment in 1998, Crim.R. 32.2(D) required a trial court, when committing a defendant to a correctional institution, to "forward a statement of the number of days['] confinement which the defendant [was] entitled by law to have credited to his * * * sentence." Thus, the law then, as now, charged the trial court with the duty to calculate and journalize jail-time credit, leaving the correctional institution to apply the credit against the defendant's sentence.[8] Accordingly, we overrule Jones
to the extent that it may be read to absolve a sentencing court of its obligation to calculate jail-time credit.
 {¶ 12} If a sentencing court fails in its duty to properly calculate jail-time credit, the defendant may challenge the miscalculation in his direct appeal or in a postconviction petition.[9] And we conclude that relief may also be afforded under Crim.R. 36. The rule provides that "clerical mistakes in judgments * * * may be corrected by [a trial] court at any time." We have held that a trial court's calculation of jail-time credit is a "ministerial act."[10] We, therefore, join those appellate districts that hold that a trial court may enter, nunc pro tunc to the date of the judgment of conviction, a judgment correcting a "mistake" in the court's calculation of jail-time credit.[11] And we overrule our decision inJones to the extent that it may be read to preclude a trial court from acting pursuant to Crim.R. 36 to correct such a miscalculation.
 B. {¶ 13} We now turn to the question of whether Crim.R. 36 provided an avenue of relief for Weaver. In support of his motion, Weaver offered, by reference, a document titled "Jail Time Credit Breakdown," which he had submitted with his third and unaddressed motion to correct jail-time credit. This document, which Weaver asserts, and the state effectively concedes, was generated by the Hamilton County Sheriff's Office, shows that from the date of his arrest for forgery and possessing criminal tools until the date he was sentenced for his community-control violations, he spent a total of 203 days in jail. Weaver argued in his motion (1) that the trial court should have credited him with 203 days, and (2) that the 203 days should have been credited against the one-year sentence imposed for each of his four community-control violations.
 {¶ 14} The state, in its brief, concedes that the trial court should have afforded Weaver jail-time credit of 203 days. But the 203 days, the state insists, may be credited only against the aggregate four-year term of confinement. We agree.
 {¶ 15} The record of the proceedings below shows that the trial court's failure to afford Weaver 203 days of jail-time credit was the consequence of a mistake of fact. Therefore, the court's miscalculation was subject to correction pursuant to Crim.R. 36. And to the extent of this challenge, the court erred in overruling Weaver's motion to correct jail-time credit.
 {¶ 16} But the rule did not permit the trial court to entertain Weaver's claim that it had erred in failing to credit the 203 days against the sentence imposed for each community-control violation. The error alleged was not an error of fact, but an error of law.[12] And for such an error, Crim.R. 36 provides no remedy. Thus, in overruling Weaver's motion to the extent of this challenge, the court cannot be said to have erred.
 III. {¶ 17} We, therefore, hold that the trial court properly declined to entertain Weaver's motion to correct jail-time credit to the extent that he sought application of the credit against the one-year sentence imposed for each of his four community-control violations. But the court erred when it declined to grant the motion to the extent of its challenge to the jail-time-credit calculation and to enter judgment, nunc pro tunc to the date of the judgment of conviction, correcting his jail-time credit to reflect his 203 days of prior confinement. Accordingly, we sustain Weaver's assignments of error in part, reverse in part the common pleas court's judgment overruling his motion, and remand to the trial court for further proceedings consistent with the law and this decision. In all other respects, the judgment is affirmed.
Judgment affirmed in part and reversed in part, and cause remanded.
Painter, J., concurs.
Judge Rupert A. Doan was a member of the panel, but died before the release of this decision.
[1] See State v. Weaver (Mar. 30, 2005), 1st Dist. No. C-040502.
[2] He also filed with the trial court a motion and a postconviction petition seeking to withdraw the guilty pleas underlying his original convictions and a motion to "correct/amend" his sentences to have them run concurrently rather than consecutively. The court denied the motions and the petition, and Weaver appealed in the cases numbered C-060162, C-060163, and C-060164. These appeals are pending.
[3] See R.C. 2949.08(B) and 2949.12; State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567, 572, 589 N.E.2d 113.
[4] See R.C. 2949.08(C) and 2967.191.
[5] See State v. Harbert, 9th Dist. No. 20955, 2002-Ohio-6114, at ¶ 12-15 (citing State ex rel. Hansen v. Reed
[1992], 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, and State exrel. Pendell v. Adams Cty. Bd. of Elections [1988],40 Ohio St.3d 58, 60, 531 N.E.2d 713).
[6] (Mar. 17, 1982), 1st Dist. No. C-810293.
[7] Id.
[8] See R.C. 2949.08(B) and 2949.12 (which provide, respectively, that "[t]he record of the person's conviction" or his "sentence" shall "specify" the total number of days of confinement arising out of the offense for which he was convicted); see, also, State ex rel. Wilcox v. Saffold, 8th Dist. No. 83698, 2004-Ohio-60; State v. Neville, 7th Dist. No. 03 BE 68, 2004-Ohio-6840; State v. Hickam, 6th Dist. Nos. OT-010-24 and OT-01-023, 2001-Ohio-3105; State v. Berry (Apr. 14, 2000), 1st Dist. Nos. C-990354 and C9-90365 (continuing, after Crim.R. 32.2's amendment, to require the trial court to calculate and journalize the number of days of jail-time credit). Cf. State v. Sears, 2d Dist. No. 20330, 2005-Ohio-1593; Statev. Frazier, 8th Dist. No. 86984, 2006-Ohio-3023 (holding that the rule's amendment relieved the trial court of its duty to journalize the number of days of jail-time credit).
[9] See Heddleston v. Mack (1988), 84 Ohio St.3d 213,702 N.E.2d 1198; State v. Gregory (1995), 108 Ohio App.3d 264, 268,670 N.E.2d 547; see, also, State ex rel. Harrell v. Court ofCommon Pleas (1979), 58 Ohio St.2d 193, 389 N.E.2d 506; Statev. Gregory, 108 Ohio App.3d at 267 (holding that a defendant may institute a mandamus action against the appropriate correctional entity if that entity fails to provide a defendant with jail-time credit in conformity with the law).
[10] See State v. Brewster (Mar. 19, 1999), 1st Dist. No. C-980484.
[11] See, e.g., State v. Harbert, supra, at ¶ 15 (Ninth Appellate District); State v. Camp, 12th Dist. No. CA2002-03-013, 2002-Ohio-6393; Gregory v. Common Pleas Court
(Dec. 7, 1998), 6th Dist. No. L-981-357; State ex rel. Corder v.Wilson, 68 Ohio App.3d at 573 (Tenth Appellate District); see, also, Heddleston v. Mack, 84 Ohio St.3d at 213 (in which the supreme court characterized a "motion to correct jail-time credit" as an "alternate remedy" to an appeal or a postconviction petition). Cf. State v. Magee, 5th Dist. No. 04-CA-13,2005-Ohio-483 (holding that an error in jail-time credit must be raised on direct appeal).
[12] And the state of the law is that a sentencing court may credit prior jail time against only one of multiple consecutive sentences. See State v. Gregory, 108 Ohio App.3d at 269.