OPINION
{¶ 1} Defendant-appellant, Anthony West, appeals a decision of the Mahoning County Common Pleas Court overruling his motions for jail time credit.
 {¶ 2} On February 28, 2007, West pleaded guilty to charges in two separate cases. In Mahoning County Common Pleas Court case no. 04CR1615, West pleaded guilty to: involuntary manslaughter, in violation of R.C. 2903.04(A)(C), a first-degree felony; two counts of kidnapping, in violation of R.C. 2905.01(B)(2)(C), first-degree felonies; and a firearm specification in violation of R.C. 2941.141(A). In case no. 06CR1080, West pleaded guilty to one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2)(B), a third-degree felony. Both cases came on for sentencing on February 22, 2007. In the first case (case no. 04CR1615), the trial court sentenced West to an aggregate term of 5 years in prison with jail time credit calculated at 569 days. In the second case (case no. 06CR1080), the trial court sentenced West to a 2-year term of imprisonment to be served concurrently with the 5-year term in case no. 04CR1615 with jail time credit calculated at 122 days.
 {¶ 3} On March 28 and 31, 2007, West filed pro se motions for jail time credit, contending the trial court had not given him credit for all the time he had spent in jail. The trial court reviewed the matter and denied the motion on April 2, 2008. This appeal followed.
 {¶ 4} Still proceeding pro se on appeal, West's sole assignment of error states:
 {¶ 5} "DEFENDANT-APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT AND/OR ADULT PAROLE AUTHORITY ERRONEOUSLY IMPOSED INCORRECT JAIL-TIME CREDIT."
 {¶ 6} In essence, West challenges the trial court's judgment overruling his motions to correct his jail-time credit. He contends that the court, in sentencing him, had miscalculated the credit and had misapplied it against his sentences.
 {¶ 7} When entering a judgment of conviction, the sentencing court is *Page 2 
required to calculate, and then specify, the total number of days the defendant has been confined for any reason arising out of the offense for which they have been convicted. R.C. 2949.08(B) and 2929.12;State ex rel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 572, 589
N.E.2d 113. "The jailer or the department of rehabilitation and correction must then apply the court's factual determination of jail-time credit to reduce the defendant's sentence." State v.Weaver, 1st Dist. No. C-050932, 2006-Ohio-5072, at ¶ 8, citing R.C. 2949.08(C) and 2967.191.
 {¶ 8} In case no. 04CR1615, the trial court credited West with 569 days in jail and in case no. 06CR1080 with 122 days in jail for total of 691 days. On appeal, West argues that he served 542 days in jail on case no. 04CR1615 and 168 days in jail for case no. 06CR1080 for a total of 710 days. After having reviewed the records from the jail, plaintiff-appellee, State of Ohio, concedes that West is indeed entitled to a total of 710 days of jail time credit. Given this concession by the State, this matter is hereby reversed and remanded to the trial court with instructions to enter, nunc pro tunc to the date of the judgment of conviction, sentencing entries reflecting that West served 542 days in jail on case no. 04CR1615 and 168 days in jail for case no. 06CR1080 for a total of 710 days. Weaver, supra at ¶ 12.
 Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1