JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Jerry Ponsky, is the defendant in State v. Ponsky, Cuyahoga County Court of Common Pleas Case No. CR-494527, which has been assigned to respondent judge. In a sentencing entry received for filing on July 29, 2008, respondent ordered that Ponsky would receive 470 days jail time credit. By entry received for filing on August 18, 2008, respondent amended the sentence and stated that Ponsky "is to receive 57 days jail credit as of 7/23/08." In this mandamus action, Ponsky requests that this court compel respondent to reinstate the number of days jail time credit to 470. *Page 3 
 {¶ 2} Respondent has filed a motion for summary judgment. Relator has not opposed the motion. Attached to the motion for summary judgment is a copy of a journal entry issued by respondent and received for filing by the clerk on December 4, 2008 in which respondent stated that Ponsky "should be given credit for a total of 131 days." Respondent argues that, because she has issued a journal entry specifying the number of days jail time credit, relator's remedy is an appeal.
 {¶ 3} "An error, if any, in calculating the number of jail time credit days is properly remedied through appeal, not mandamus. State v.Gregory (1995), 108 Ohio App. 3d 264, 670 N.E.2d 547; State v.Callender (Feb. 4, 1992), Franklin App. No. 91AP-713, and State ex rel.McDougal v. Curran (Jan. 7, 1999), Cuyahoga App. 75272." State ex rel.Wilcox v. Saffold, Cuyahoga App. No. 83698, 2004-Ohio-60, at ¶ 5. Ponsky asserts that he is entitled to more jail time credit days than authorized most recently by respondent. He has an adequate remedy by way of an appeal and, therefore, relief in mandamus is not appropriate.
 {¶ 4} In his affidavit in support of the complaint, Ponsky avers "that he has read the foregoing complaint and the statements and averments therein contained are true as he verily believes." Complaint, at 3. Loc. App. R. 45(B)(1)(a) requires that the plaintiff or relator support a complaint in an original action with an affidavit "specifying the details of the claim." In State ex rel White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894, the relator averred in his affidavit "`that he has read the foregoing Complaint, and that the statements and averments therein contained are *Page 4 
true as he verily believes."' Id. at 1. We held that White's affidavit was not sufficient to comply with Loc. App. R. 45(B)(1)(a) and granted summary judgment in favor of the respondent.
 {¶ 5} Ponsky "has also failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. [Relator]'s failure to comply with R.C. 2969.25 requires the dismissal of his complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd.,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242." State ex rel. Washington v.McMonagle, Cuyahoga App. No. 91477, 2008-Ohio-3798, at 2. Ponsky's failure to comply with R.C. 2969.25 also requires that we enter judgment for respondent.
 {¶ 6} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Writ denied.
 MARY EILEEN KILBANE, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1