{¶ 13} Respectfully, I dissent and would reverse the trial court's ruling denying Frazier's motion to clarify, and direct the trial court to clarify its sentence to accurately reflect the finding of this court in State v. Frazier, Cuyahoga App. No. 86984, 2006-Ohio-3023. In that case, Frazier, pro se, appealed a denial of a motion for declaratory judgment in which he requested review of his "good time credit" toward the projected date of his first parole board hearing. This court upheld the DRC's (Department of Rehabilitation and Correction) computation and affirmed the trial court's denial of declaratory judgment.
 {¶ 14} We held in 2006 that, "on August 3, 1995, appellant pleaded guilty to amended counts in two separate cases. *** Appellant was sentenced to a total term of imprisonment of seven to fifteen years, to run consecutive to six years on gun *Page 8 
specifications, and he was subsequently admitted to the Rose Correctional Institution."
 {¶ 15} Frazier comes to us, again pro se, alleging that the DRC now construes his sentence in the two cases as seven to fifteen years to run consecutive to nine years on the gun specification. He requested the trial court clarify his sentence to accurately reflect our previous holding. I would hold that the trial court's sentencing entry is ambiguous;[2] but whatever misunderstandings may have been contained therein have been resolved by our decision above.
 {¶ 16} I see no enduring harm to process or procedure in requiring the trial court to clarify its judgments in order that they not be misunderstood by those whose job is to enforce them.
[2] The majority states there is no "clerical error" in the trial court's original judgment; however, there is and that error is in the form of an omission. Nowhere in the judgment under either case number is there an indication as to whether the firearm specifications are to be merged, served concurrently or served consecutively, nor is there any language as to whether the base charges are to be run concurrent or consecutive to the other case number. In 2006, this courtconstrued the judgment to mean six years on the gun specification consecutive to seven to fifteen years on the base charges, but that is not at all what appears in the judgment entries of sentence. It is the judgment entry of sentence that is sent to the DRC, not the decisions of this court. *Page 1