[Cite as *State v. Snyder*, 2013-Ohio-1135.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2013 CA 00006 |
|  | : |  |
|  | : |  |
| JOSEPH SNYDER | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:  Criminal Appeal from Stark County
Court of Common Pleas Case Nos.
2009-CR-2017(B), 2010-CR-0370(A),
and 2010-CR-0074

JUDGMENT:  Dismissed

DATE OF JUDGMENT ENTRY:  March 22, 2013

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JOHN D. FERRERO                       JOSEPH SNYDER
Prosecuting Attorney                    Inmate No. 591-517
Stark County, Ohio                       Loraine Correctional Institution
                                                    2500 S. Avon-Belden Road
BY: KATHLEEN O. TATARSKY        Grafton, Ohio  44044
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

*Gwin, P.J.*

{¶1} Appellant, Joseph Snyder, appeals from a judgment overruling his motion for jail time credit. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} In 2009 and 2010, the Stark County Grand Jury returned three indictments against appellant on accumulated charges of twenty-five counts of breaking and entering, eight counts of burglary, two counts of theft, one count of petty theft and four counts of receiving stolen property. He pleaded guilty to all counts on August 23, 2010. He was sentenced to an aggregate concurrent sentence of five years. By separate entries filed September 13, 2010, he was given 256 days of credit for time served in Case No 2009CR2017B, 233 days of credit for time served in Case No. 2010CR0074, and 193 days of credit in case number 2010CR0370A. He did not appeal from these entries.

{¶3} Appellant filed a motion for jail time credit seeking 256 days in each of the three cases. The trial court overruled the motion on October 15, 2010. He did not appeal this judgment.

{¶4} Appellant filed a second motion for jail time credit on November 15, 2012, arguing that he is entitled to jail credit of 256 days in each of the three cases, based on *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. The trial court overruled his motion on December 17, 2012. He assigns one error on appeal:

{¶5} "APPELLANT WAS DENIED EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTION AND THE DECISION IN STATE V. FUGATE AND STATE V. ANDERSON WHEN TRIAL COURT DENIED HIS MOTION FOR

AGGREGATE JAIL TIME CREDIT FOR 3 CONCURRENT CASES ON DECEMBER 17, 2012."

**{¶6}** This Court has previously held that an order overruling a defendant's subsequent motion for credit for jail time is not a final, appealable order, as the defendant should have pursued a direct appeal from the original entry which established jail time credit. *State v. Magee*, 5th Dist. No. 04-CA-13, 2005-Ohio-483, ¶8, citing *State v. Tulley*, 5th Dist. No. 2001CA00313, 2002-Ohio-1290.

**{¶7}** In the instant case, as in *Magee* and *Tulley*, appellant failed to file an appeal from the original entry concerning jail time credit filed by the court in September 13, 2010. An appeal as to that entry is untimely, as the time within which an appeal must be filed is thirty days pursuant to App. R. 4(A). The December 17, 2012, judgment is not a final, appealable order.

**{¶8}** Further, this Court has held that when a defendant has filed a second motion for jail time credit after his first motion has been overruled, there is no difference between this second motion and a motion for reconsideration of the trial court's prior ruling on the first motion for jail time credit. *State v. Ward*, 5th Dist. No. 2005-CA-0092, 2007-Ohio-301, ¶18. Because a motion for reconsideration is a nullity at the trial court level, any judgment resulting from such a motion is also a nullity, and the appellate court is without jurisdiction to review issues that should have been raised in an earlier appeal. *Id.* at ¶19.

{¶9}   Because the judgment appealed from is not a final, appealable order, the appeal is dismissed.

By: Gwin, P.J. and

Delaney, J. concur;

Hoffman, J. dissents

_____

_____

_____

JUDGES

*Hoffman, J., dissenting*

{¶10}    I respectfully dissent from the majority's analysis and disposition of this appeal.

{¶11}    While I recognize the ultimate result is the same as it pertains to Appellant, I believe the entry appealed from is a final appealable order.  I find the argument raised is barred by res judicata; therefore, I would affirm the trial court's judgment rather than dismiss the appeal.


_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Snyder*, 2013-Ohio-1135.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :
                                      :
          Plaintiff-Appellee          :
                                      :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :
JOSEPH SNYDER                         :
                                      :
          Defendant-Appellant         :        CASE NO. 2013-CA-00006


    For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellant.


_____

_____

_____

JUDGES