[Cite as *State v. Johnson*, 2013-Ohio-1760.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 12CA87 |
| WILLIAM JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Richland County Court of
                               Common Pleas, Case No. 2012 CR 0134


JUDGMENT:                      DISMISSED


DATE OF JUDGMENT ENTRY:        April 24, 2013


APPEARANCES:

For Appellant:                        For Appellee:

WILLIAM JOHNSON #630415, PRO SE       JAMES J. MAYER, JR.
Lake Erie Correctional Institution    RICHLAND COUNTY PROSECUTOR
P.O. Box 8000
Conneaut, OH 44030-8000               JOHN C. NIEFT
                                      38 S. Park St.
                                      Mansfield, OH 44902

*Delaney, J.*

{¶1} Defendant-Appellant William Johnson appeals the August 14, 2012 denial of his Pro Se Motion for Jail Time Credit. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} In March 2011, the Richland County Grand Jury indicted Johnson for Aggravated Burglary, Kidnapping, and Abduction with related firearm and repeat violent offender specifications. This matter was assigned Case No. 2011-CR-0178 by the Richland County Court of Common Pleas. Johnson was arrested for this indictment on March 5, 2011. Johnson was incarcerated until August 4, 2011, when he was released on bond.

{¶3} While awaiting trial on the first indictment, Johnson committed more criminal acts and was arrested for those acts on February 16, 2012. Under Case No. 2012-CR-0134, Johnson was indicted for Felonious Assault, Attempted Murder, Abduction, and Kidnapping. Johnson was incarcerated until his sentencing.

{¶4} The Richland County Court of Common Pleas consolidated 2011-CR-0178 and 2012-CR-0134 for trial. A jury trial began on June 11, 2012. On June 18, 2012, the jury returned its verdict. It found Johnson not guilty of all charges under 2011-CR-0178 and convicted Johnson of Aggravated Assault, Assault, and Abduction under 2012-CR-0134.

{¶5} The trial court issued its sentencing entry on July 2, 2012. On July 5, 2012, the trial court issued a separate order crediting Johnson with 142 days in jail time credit. The jail time credit was calculated from February 16, 2012 to July 6, 2012.

{¶6} On July 26, 2012, Johnson filed a pro se Motion for Jail Time Credit. In the motion, he argued the trial court incorrectly calculated the amount of jail time credit. He stated he was entitled to 322 days of jail time credit.

{¶7} On July 27, 2012, Johnson, through counsel, filed a notice of appeal with the Fifth District Court of Appeals of his conviction and sentence on July 2, 2012. This appeal is captioned *State of Ohio v. William Johnson*, 5th Dist. No. 12CA61. In his direct appeal, Johnson did not raise as error his jail time credit.

{¶8} The trial court denied Johnson's Motion for Jail Time Credit on August 14, 2012. Johnson filed a pro se notice of appeal of the decision with this Court under *State of Ohio v. William Johnson*, 5th Dist. No. 12CA87.

## ASSIGNMENTS OF ERROR

{¶9} Johnson raises one Assignment of Error:

{¶10} "THE TRIAL COURT ERRED BY NOT GIVING APPELLANT JAIL-TIME CREDIT PURSUANT TO *STATE V. FUGATE*, 117 OHIO ST.3D 261, 883 N.E.2D 440, 2008-OHIO-856."

## ANALYSIS

{¶11} Johnson argues in his sole Assignment of Error the trial court erred in denying his Motion for Jail Time Credit. He states he is entitled to 322 days jail time credit.

{¶12} Before addressing the merit of the Assignment of Error, we first address the threshold issue of whether the judgment appealed is a final, appealable order. The Ohio Constitution, Article IV, Section 3(B)(2) limits an appellate court's jurisdiction to the review of final judgments. Absent a final order, an appellate court has no

jurisdiction to review a matter and such matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶13} This Court has previously held that an order overruling a defendant's motion for jail time credit is not a final appealable order because the defendant should have pursued a direct appeal from the original entry establishing jail time credit. *State v. Magee*, 5th Dist. No. 04-CA-13, 2005-Ohio-483, ¶ 8 citing *State v. Tulley*, 5th Dist. No. 2001CA00313, 2002-Ohio-1290.

{¶14} The trial court issued its order granting Johnson 142 days of jail time credit on July 5, 2012. Johnson did not file a direct appeal of the July 5, 2012 entry concerning jail time credit. In Johnson's direct appeal of his conviction and sentence in *State of Ohio v. William Johnson*, 5th Dist. No. 12CA61, Johnson does not raise jail time credit as error. Johnson appeals the July 2, 2012 sentencing entry, which is silent as to jail time credit.

{¶15} Instead of appealing the original July 5, 2012 jail time credit entry, Johnson filed a pro se Motion for Jail Time Credit on July 26, 2012. The trial court denied the motion on August 14, 2012 and Johnson filed his notice of appeal of that entry on September 10, 2012. Pursuant to App.R. 4(A), Johnson was required to appeal the original entry as to jail time credit issued on July 5, 2012 within thirty days or it will be considered untimely.

{¶16} Pursuant to App.R. 4(A), *Magee*, and *Tulley*, the August 14, 2012 judgment entry denying the Motion for Jail Time Credit is not a final appealable order. Because the judgment appealed from is not a final appealable order, the appeal is dismissed.

**CONCLUSION**

{¶17} The appeal of the judgment of the Richland County Court of Common Pleas is dismissed.

By: Delaney, J.

Farmer, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| -vs- | : | |
| WILLIAM JOHNSON | : | Case No. 12CA87 |
| Defendant - Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the appeal of the judgment of the Richland County Court of Common Pleas is dismissed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE